# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RONALD CRAWFORD,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-5398-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Ronald Crawford proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1949.[1] He has a high school diploma and some college

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

education, and has worked as a sales associate and contract manager at Home Depot, and as a construction laborer. (AR 54, 193, 298.)

Plaintiff protectively applied for DIB in December 2013. (AR 159-65.) His date last insured (DLI) is December 31, 2014. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 102-04, 106-07, 112.)

On September 9, 2015, ALJ David Johnson held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 47-79.) On November 12, 2015 the ALJ issued a decision finding Plaintiff not disabled before his DLI. (AR 30-42.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 31, 2017 (AR 1-9), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between his amended alleged onset date and his DLI. (AR 32.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that Plaintiff's degenerative disc disease, diabetes, hypertension, and obesity were severe through the DLI. (AR 32.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 33.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work, with additional limitations: he can occasionally climb, stoop, kneel, crouch, and crawl. He cannot have concentrated exposure to wetness, pulmonary irritants, or hazards (such as open machinery or unprotected heights). (AR 33.) With that assessment, the ALJ found that through the DLI, Plaintiff was able to perform past relevant work as a sales representative (building equipment). (AR 41-42.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 41-42.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing medical opinion evidence, (2) discounting

Plaintiff's subjective testimony, and (3) discounting lay evidence.[2] Plaintiff also argues that the ALJ's decision should be reversed in light of evidence submitted for the first time to the Appeals Council. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Medical opinion evidence

The ALJ discounted opinions provided by examining physicians Thomas Gritzka, M.D., and Floyd Sekeramayi, M.D. (AR 40-41.) Plaintiff argues that the ALJ's reasons for discounting these opinions were not specific and legitimate, especially in light of opinions provided by Dr. Gritzka and treating physician's assistant Eric Owen, PAC, to the Appeals Council. The Court will address each disputed opinion in turn.

A.  Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 15 at 2, 16. The Court also notes that the ALJ did not enter findings at step five, because he found that Plaintiff could perform his past work. (AR 41-42.) Accordingly, these issues will not be analyzed separately.

clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Opinions submitted for the first time to the Appeals Council should be reviewed along with the remainder of the record to determine whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

B.  Dr. Gritzka

Dr. Gritzka examined Plaintiff in March 2015 and provided a narrative opinion report. (AR 401-12.) Dr. Gritzka concluded that since his original alleged onset date, Plaintiff could *inter alia* stand/walk for a total of two hours per workday, and sit for a total of two hours per workday. (AR 411.)

The ALJ summarized Dr. Gritzka's findings and conclusions, and found that several factors undermined his opinion. (AR 40.) First, the ALJ found that the positive Waddell signs documented by Dr. Gritzka undermine his conclusions, because they indicate that Plaintiff's pain was not anatomically based, and Dr. Gritzka "does not appear to have accounted for or addressed the Waddell signs when arriving at his opinions." (AR 40-41.) The ALJ also found that Dr. Gritzka was "somewhat misinformed about the claimant's history," apparently referring to Plaintiff's report to Dr. Gritzka that he did not receive steroid injections, contrary to his reports elsewhere of receiving injections and improvement thereafter. (AR 38, 40.) The ALJ found that

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

Dr. Gritzka's opinion was "somewhat consistent" with other examinations subsequent to Plaintiff's DLI, during a time period where Plaintiff's condition "appears to have worsened[.]" (AR 40.) The ALJ stated that Dr. Gritzka's conclusions were inconsistent with the treatment record during the adjudicated period, which shows "generally conservative" treatment for back pain and inconsistent complaints of carpal tunnel syndrome, neck pain, or knee pain. (*Id.*) The ALJ also found Dr. Gritzka's opinion to be inconsistent with Plaintiff's activities, namely gardening and housework. (*Id.*)

Dr. Gritzka wrote a supplemental opinion addressing the ALJ's decision in March 2016, and this addendum was submitted to the Appeals Council. (AR 453-57.) Dr. Gritzka explained that, contrary to the ALJ's findings, Plaintiff did not display positive Waddell signs during his examination, and his testing did not suggest non-anatomic behaviors. (AR 454.) Dr. Gritzka also cited Plaintiff's statement explaining that he did not receive steroid injections to his back, consistent with his report to Dr. Gritzka, but instead received them in his knees. (AR 455 (referring to AR 258).) Dr. Gritzka further opined that Plaintiff's "minimal housework and gardening" was not inconsistent with his opined limitations, and that he was aware of Plaintiff's gardening activities and inability to access the second floor of his home when he rendered his opinion. (AR 456-57.) Lastly, Dr. Gritzka noted that he reviewed treatment records that predated Plaintiff's amended alleged onset date, and believes that those records are in fact consistent with his conclusions, contrary to the ALJ's decision. (AR 456.) Plaintiff argues that Dr. Gritzka's clarifications reveal that the ALJ's reasons for discounting Dr. Gritzka's opinion are not supported by substantial evidence.

The Commissioner argues that the Court should reject Plaintiff's attempt to rebut the ALJ's decision via Appeals Council evidence, because the supplemental opinion "does not persuasively

rebut all of the reasons the ALJ provided for discounting" Dr. Gritzka's opinion. Dkt. 16 at 11. The Commissioner does not dispute that Dr. Gritzka's addendum persuasively rebuts the ALJ's reasoning with regard to the Waddell signs and the steroid injections, however. Dkt. 16 at 10-11. Dr. Gritzka's supplemental opinion makes clear that the ALJ inaccurately interpreted portions of his first opinion and the medical record, which invalidates significant portions of the ALJ's analysis. Dr. Gritzka's supplemental opinion undermines the substantial evidence supporting the ALJ's interpretation of the first opinion, and a remand to permit the ALJ to consider Dr. Gritzka's second opinion is warranted.

C. <u>Dr. Sekeramayi</u>

Dr. Sekeramayi examined Plaintiff in June 2015, after reviewing Dr. Gritzka's 2015 opinion and imaging studies from 2011 and 2014. (AR 414.) Dr. Sekeramayi wrote a narrative opinion report, concluding that *inter alia* Plaintiff was limited to walking/standing less than two hours per day and sitting less than two hours per day, and could lift/carry 20 pounds occasionally and 10 pounds frequently. (AR 414-18.)

The ALJ discounted Dr. Sekeramayi's opinion, finding that it reflected Plaintiff's current functioning, rather than his limitations during the adjudicated period. (AR 41.)

Plaintiff argues that Dr. Sekeramayi provided a longitudinal opinion, reaching back to the adjudicated period, contrary to the ALJ's decision. Dkt. 15 at 11. To support this argument, Plaintiff notes that Dr. Sekeramayi reviewed imaging studies dating to the adjudicated period, and argues that "Dr. Sekeramayi did not indicate that he was only describing Plaintiff's current condition or functioning[.]" Dkt. 15 at 11.

Plaintiff's arguments are not persuasive. Dr. Sekeramayi indicated no intent to provide a retrospective opinion, and the imaging studies he reviewed do not address Plaintiff's functional

limitations during the period at issue. A plain reading of Dr. Sekeramayi's report leads to the conclusion that he was evaluating Plaintiff's functional capacity as of the time of the physical evaluation. Plaintiff has not shown that the ALJ erred in finding that Dr. Sekeramayi's opinion was neither retrospective nor consistent with treatment notes addressing Plaintiff's functional limitations dating to the adjudicated period. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that although an ALJ may not discount a medical opinion merely because it post-dates the DLI, an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence); *Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (explaining that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective). Accordingly, the ALJ's assessment of Dr. Sekeramayi's opinion is affirmed.

D.  Mr. Owen

Mr. Owen submitted a response to questions from Plaintiff's counsel to the Appeals Council. (AR 458-59.) He indicated that he agreed with the conclusions of Drs. Gritzka and Sekeramayi. (*Id*.) Plaintiff argues that Mr. Owen's statement "strengthens" the opinions of Drs. Gritzka and Sekeramayi. Dkt. 15 at 12.

Because this case must be remanded to permit the ALJ to consider Dr. Gritzka's supplemental opinion, the ALJ should also consider Mr. Owen's opinion for the first time on remand.

### Lay evidence

The ALJ considered an August 2015 statement from Plaintiff's neighbor, David Davidson, and Mr. Davidson also submitted an additional statement to the Appeals Council. (AR 246-47, 256-57.) The ALJ discounted Mr. Davidson's first statement because it described Plaintiff's

current functioning, rather than his functioning during the adjudicated period. (AR 39.) The ALJ also found that if Mr. Davidson intended to address the adjudicated period, his statement "is inconsistent with the medical record created at the time and made for the purposes of treatment." (*Id*.) Plaintiff argues that this reasoning is not accurate nor legally sufficient.

A. <u>Legal standards</u>

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

B. <u>Mr. Davidson's statements</u>

Plaintiff argues that, contrary to the ALJ's decision, Mr. Davidson's statement was consistent with the opinions of Drs. Gritzka and Sekeramayi, and that Mr. Davidson described Plaintiff's deterioration over time, thereby addressing the adjudicated period. Dkt. 15 at 13-14.

Mr. Davidson's first statement addresses only Plaintiff's current functioning, as found by the ALJ, and this is a germane reason to discount it. (AR 246-47.) Mr. Davidson explicitly addressed the adjudicated period in his second statement, however. (AR 256-57.) Because this case must be remanded to permit the ALJ to consider Dr. Gritzka's supplemental opinion, the ALJ should also consider Mr. Davidson's second statement for the first time on remand.

<u>Plaintiff's subjective testimony</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, specifically: (1) inconsistency between Plaintiff's alleged limitations and the objective medical evidence; (2) Plaintiff's failure to comply with recommended medical treatment; (3) Plaintiff's brief and conservative treatment; (4) inconsistent between Plaintiff's activities and alleged limitations; (5)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

Plaintiff's inconsistent statements regarding his treatment and abilities; (6) the fact that Plaintiff stopped working for reasons other than his impairments; and (7) Plaintiff's receipt of unemployment compensation after his original alleged onset date. (AR 36-39.) In the Ninth Circuit, and ALJ's reasons to discount a claimant's subjective testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).

Plaintiff notes that his subjective testimony was corroborated by the opinions of Drs. Sekeramayi and Gritzka, Mr. Owen, and Mr. Davidson, and argues that the ALJ's reasons for discounting it were "characterological and too general." Dkt. 15 at 15-16. Plaintiff has not shown error in the ALJ's decision, because he has failed to address or even acknowledge any of the specific reasons provided by the ALJ. Contrary to Plaintiff's argument, the ALJ's reasons were neither characterological nor overly general, but instead constituted specific, clear, and convincing reasons to discount the reliability of Plaintiff's subjective statements.

The ALJ's reasons may need to be revisited, however, after the ALJ considers Dr. Gritzka's supplemental opinion, Mr. Owen's opinion, and Mr. Davidson's second statement for the first time. Thus, the ALJ should reconsider Plaintiff's subjective testimony as necessary on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. The ALJ shall consider Dr. Gritzka's supplemental opinion, Mr. Owen's opinion, and Mr. Davidson's second statement, and, if necessary, revisit his assessment of Plaintiff's subjective testimony.

/ / /

**/ / /**

DATED this 14th day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge